**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**
**COURT FIE NO: CV-_____**

| | |
|---|---|
| Mark P. Riccardi : | |
|    Plaintiff : | |
| : | **CIVIL COMPLAINT** |
| v. : | |
| : | |
| Sunrise Credit Services, Inc. : | |
|    Defendants : | |

## JURISDICTION AND VENUE

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") violations of the Pennsylvania Fair Credit Extension Uniformty Act, 73 P.S. § 2270.1 et seq. (FCEUA), and violations of the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1, et seq., as well as other state law tort claims.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here in Pennsylvania.

## PARTIES

4. Plaintiff, Mark P. Riccardi, is a natural person who resides in the town of Langhorne, County of Bucks, State of Pennsylvania, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant, Sunrise Credit Services, Inc., (hereinafter "Sunrise"), is a corporate entity with offices located at 260 Airport Plaza, Farmingdale, NY 11735

6. At all times relevent to this Complaint, Sunrise transacted business in the

Eastern District of Pennsyvlania and at other locations throughout the United States, operating as a lawyer and as a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7. Plaintiff, Mark P. Riccardi allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is definted by 15 U.S.C. § 1692a(5), namely, a credit card debt with Bank of America.

8. Plaintiff, Mark P. Riccardi allegedly became delinquent on said account and unable to make his monthly payments due to circumstances beyond his control.

9. On April 4, 2007, Defendants contacted and spoke to Plaintiff at his residence, thereafter in the month of April 2007, the Defendant contacted the Plaintiff's mother who is currently under cancer treatment; thereafter Defendant contacted Plaintiff's sister, at all times explaining to both third parties the financial affairs of the Plaintiff, much to his embarrassment.

10. Defendants never sent written communication to Plaintiff advising him of his right to dispute the claim made against him, in violation of FDCPA, 15 U.S.C. § 1692.

## CAUSES OF ACTION

### COUNT I.

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692 et seq.**

11. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

12. The foregoing acts and omissions of these Defendants constitute numerous and multiple violatinos of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692, et seq.

13. As a result of each and every Defendant's violations of the FDCPA, Plaintiff has suffered out-of-pocket expenses and actual damages, and is therefore entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every Defendant.

## COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA) 73 P.S. § 2270.1 et seq.

### AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL) 73 P.S. § 201-1 et seq

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. Defendants are "debt collectors" as defined by 73 P.S. § 2270.3 of the FCUEA.

16. Plaintiff is a "consumer" as defined by 73 P.S. § 2270.3 of the FCUEA.

17. All of the above contacts by Defendants were "communications" relating to a debt as defined by 73 P.S. § 2270.3 of the FCUEA.

18. The foregoing acts and omissions of these Defendants constitute numerous and multiple violations of the FCEUA and UTPCPL, including but not limited to 73 P.S. § 2270.4(a), as evidenced by the following conduct:

(a) Communicating with the Plaintiff at an unusual time or place or time or place known or which should be known to be inconvenient to the Plaintiff;

(b) Contacting third parties;

(c) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt;

(d) The use of false, deceptive or misleading representations or means in connection with the collection of a debt;

(e) The use of false representation or deceptive means to collect a debt or obtain information about a consumer;

(f) The use of unfair or unconscionable means to collect or attempt to collect an alleged debt.

19. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law with the purpose of coercing Plaintiff to pay the debt.

20. As a result of the above violations of the FCUEA and UTPCPL, Plaintiff has suffered ascertainable losses entitling him to an award of statutory, actual and treble damages and attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each and every Defendant for:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et. seq.

- For an order declaring that the Defendants' actions as described above are in violation of the FCPA;

- For an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against each and every Defendant;

- For an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) against each and every Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against each and every Defendant.

## COUNT II.

### VIOLATIONS OF THE FAIR CREDIT EXTENSION UNIFORMITY ACT (FCEUA)
### 73 P.S. § 2270.1 et seq

### AND THE PENNSYLVANIA UNFAIR TRADE PRACTICES AND CONSUMER PROTECTION LAW (UTPCPL)
### 73 P.S. § 201-1 et seq

- For an order declaring that the Defendants' actions as described above are in violation of the FCEUA and the UTPCPL;

- For an order to e entered enjoining the Defendants from continuing to communicate with Plaintiff in violation of the FCEUA and the UTPCPL;

- For an award of actual damages pursuant to 73 P.S. § 201-9.2(a) against each and every Defendant;

- For an award of statutory damages pursuant to 73 P.S. § 201-9.2(a) against each and every Defendant;

- For an award of treble damages pursuant to 73 P.S. § 201-9.2(a) against each and every Defendant;

- For an award of costs of litigation and reasonable attorney's fees pursuant to 73 P.S. § 201-9.2(a).

                    Respectfully submitted,

            BY:   /s/  Bruce K. Warren
                  Bruce K. Warren, Esquire
                  Attorney for Plaintiff
                  PA ID No. 89677
                  1603 Rhawn Street
                  Philadelphia, PA  19111
                  Telephone: 215-745-9800 FAX 215-745-7880

Date:   May 25, 2007